# Exhibit A

JHT:ksh
AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Minnesota

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A PERSON LOCATED IN THE DISTRICT OF MINNESOTA, DESCRIBED IN ATTACHMENT A, FOR THE ITEMS DESCRIBED IN ATTACHMENT B | **SEALED BY ORDER OF THE COURT**<br><br>Case No. 22-mj-742 (TNL) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the State and District of Minnesota:

**See Attachment A, incorporated here.**

The person or property to be searched, described above, is believed to conceal:

**See Attachment B, incorporated here.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before     September 21, 2022
                                                                                                   *(not to exceed 14 days)*

X     in the daytime 6:00 a.m. to 10 p.m.             _ at any time in the day or night as I find reasonable
        cause has been established.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the current United States Magistrate Judge on duty.

Date and Time issued:     September 7, 2022, 11:18 AM           /s/ Tony N. Leung
                                                                                                        *Judge's Signature*

City and State:     Minneapolis, MN                              The Honorable Tony N. Leung
                                                                                United States Magistrate Judge
                                                                                                *Printed Name and Title*

## ATTACHMENT A
**Location to Be Searched**

The property to be searched is the person Michael James LINDELL ("LINDELL")—a male born in June 1961, approximately 6 feet tall, with social security number ending in -6362—and any items on his person or in his immediate control in which the LINDELL CELLPHONE (as defined in Attachment B) could reasonably be found. A photograph of LINDELL appears below:



**ATTACHMENT B**
**Items to Be Seized**

1. The physical cellular telephone assigned call number (952) 923-0663 (the "**LINDELL CELLPHONE**"); and

2. All records and information on the **LINDELL CELLPHONE** that constitute fruits, evidence, or instrumentalities of violations of 18 U.S.C. §§ 1028(a)(7) (identity theft), 1030(a)(5)(A) (intentional damage to a protected computer), and/or 371 (conspiracy to commit identity theft and/or to cause intentional damage to a protected computer)—(the "SUBJECT OFFENSES")—those violations involving Tina Peters, Conan James Hayes, Belinda Knisley, Sandra Brown, Sherronna Bishop, Michael Lindell, and/or Douglas Frank, among other co-conspirators known and unknown to the government (the "SUBJECTS"), since November 1, 2020, including:

   a. All records and information relating to damage to any Dominion computerized voting system, including any impairment to, or attempt to impair, the integrity or availability of data, a program, a system, or information;

   b. All records and information relating to BIOS on any Dominion computerized voting system, including any modification to, or attempt to modify, a BIOS setting;

   c. All records and information relating to the attachment of any peripheral to any Dominion computerized voting system, including any USB flash storage drive or other external storage media;

   d. All records and information relating to the operation of any Optical Disc Drive on any Dominion computerized voting system, including the use or attempted use of CDs or DVDs to run software;

1

e. All records and information relating to any software, program, application, or code used to obtain information about the configuration, security features, contents, or vulnerabilities of any Dominion computerized voting system;

f. All records and information relating to authorization or lack of authorization to damage or modify any Dominion computerized voting system;

g. All records and information relating to any attempted or successful misappropriation, theft, conversion, transfer, or exfiltration of any proprietary hardware, software, or other data;

h. All records and information relating to Conan James Hayes' use of another person's name, photograph, credentials, or other identifying information or documents;

i. All records and information indicating the geographical location of any SUBJECT;

j. All records and information indicating the state of mind of any SUBJECT, as it relates to the SUBJECT OFFENSES discussed in the Affidavit;

k. All records and information indicating attempts by any SUBJECT to conceal an individual's involvement in the SUBJECT OFFENSES;

l. All records and information indicating the identity of any person(s)—including records that help reveal the whereabouts of the person(s)—who communicated with any SUBJECT about any matters related to the commission of the SUBJECT OFFENSES;

m. Evidence of who used, owned, or controlled the **LINDELL CELLPHONE** at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords,

2

documents, browsing history, user profiles, email, email contacts, chat, instant messaging logs, photographs, and correspondence;

n. Evidence of software, or the lack thereof, that would allow others to control the **LINDELL CELLPHONE**, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

o. Evidence of the attachment to the **LINDELL CELLPHONE** of other storage devices or similar containers for electronic evidence;

p. Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the **LINDELL CELLPHONE**;

q. Evidence of the times the **LINDELL CELLPHONE** was used;

r. Passwords, encryption keys, and other access devices that may be necessary to access the **LINDELL CELLPHONE**;

s. Volatile data and volatile memory stored in the **LINDELL CELLPHONE**;

t. Documentation and manuals that may be necessary to access the **LINDELL CELLPHONE** or applications on the **LINDELL CELLPHONE**, or to conduct a forensic examination of the **LINDELL CELLPHONE**;

u. Records of or information about Internet Protocol addresses used by the **LINDELL CELLPHONE**;

v. Records of or information about the **LINDELL CELLPHONE's** Internet activity relating to the SUBJECT OFFENSES, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the

3

user entered into any Internet search engine, and records of user-typed web addresses;

w. Evidence indicating how and when the **LINDELL CELLPHONE** was accessed or used to determine the chronological context of their access, use, and events relating to the SUBJECT OFFENSES and to the user; and

x. Contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" include any data in any form that may be stored on any computer.

The term "computer" includes the **LINDELL CELLPHONE**.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

Executing law enforcement personnel are authorized to depress the fingerprints and/or thumbprints of Michael James Lindell onto the Touch ID or fingerprint sensor of the **LINDELL CELLPHONE**, in order to gain access to the contents of the **LINDELL CELLPHONE**. Law enforcement personnel may also hold the **LINDELL CELLPHONE** in front of the face of Michael James Lindell to activate the facial recognition feature; and/or hold the **LINDELL**

**CELLPHONE** in front of the face of Michael James Lindell to activate the facial recognition feature, for the purpose of unlocking the **LINDELL CELLPHONE** in order to search the contents as authorized by this warrant.