UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Michael J. Lindell and MyPillow, Inc., | Case No. 22-cv-2290 (ECT/ECW) |
| Plaintiffs, | |
| v. | **ORDER** |
| United States of America, Merrick Garland *in his official capacity as Attorney General of the United States*, the United States Attorney for the District of Minnesota, and Christopher Wray *in his official capacity as Director of the Federal Bureau of Investigation*, | |
| Defendants. | |

---

Andrew D. Parker, Parker Daniels Kibort LLC, Minneapolis, MN, for Plaintiffs Michael J. Lindell and MyPillow, Inc.

---

Plaintiffs Michael J. Lindell and MyPillow, Inc., have filed a Complaint for Return of Property and for Declaratory and Equitable Relief. ECF No. 1. To summarize very generally, Plaintiffs allege in their Complaint that Defendants applied for, obtained, and executed a search warrant on Mr. Lindell, resulting in the seizure of a cellular telephone belonging to MyPillow, Inc., and used by Mr. Lindell. *Id.* ¶¶ 5, 29, 31. Plaintiffs allege that the warrant—and Defendants' actions in obtaining and executing it—violated Defendants' rights under the First, Fourth, and Fifth Amendments to the United States Constitution. *See id.* ¶¶ 41–81. Plaintiffs have not served Defendants with the Complaint, or at least Plaintiffs have not yet filed any proof of service.

The day after they filed their Complaint, Plaintiffs also filed a Motion for a Temporary Restraining Order and for Return of Property Pursuant to Fed. R. Crim. P. 41(g).  ECF No. 9.  In that Motion, Plaintiffs "request that the Court immediately order Defendants to refrain from accessing or taking any action with respect to the seized cell phone until this Motion is heard, to preserve the status quo."  *Id.* at 1.  This aspect of Plaintiffs' Motion will be construed as a request for an *ex parte* temporary restraining order under Federal Rule of Civil Procedure 65(b) that would, if granted, remain in place until a hearing on that aspect of Plaintiffs' Motion seeking a preliminary injunction.

A temporary restraining order is an "extraordinary remedy."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).  In addition to complying with Rule 65(b), Plaintiffs must show: (1) they are likely to succeed on the merits; (2) they face a threat of irreparable harm in the absence of relief; (3) the balance between that harm and the harm the requested relief would cause the other litigants; and (4) the public interest.  *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc); *see S.B. McLaughlin & Co., Ltd. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989) (affirming district court's reliance on *Dataphase* factors in adjudicating motion for temporary restraining order).  The core question is whether the equities "so favor[ ] the movant that justice requires the court to intervene to preserve the status quo until the merits are determined."  *Dataphase Sys., Inc.*, 640 F.2d at 113 (footnote omitted).

Plaintiffs' request for an *ex parte* temporary restraining order directing Defendants to refrain from accessing or taking any action with respect to the seized cellphone until a

2

hearing on that aspect of their Motion seeking a preliminary injunction will be denied for three reasons.

(1) The request does not comply with Rule 65(b). Relevant here, Rule 65(b) provides:

> **(b) Temporary Restraining Order.**
>
> **(1)** *Issuing Without Notice.* The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> **(A)** specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> **(B)** the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

With respect to the requirements in subparagraph (b)(1)(A), Plaintiffs filed a verified complaint that includes allegations of irreparable injuries. With respect to subparagraph (b)(1)(B), however, Plaintiffs' attorney filed no certification.

(2) Though Plaintiffs cite Federal Rule of Criminal Procedure 41(g) as the basis for their motion, Plaintiffs do not discuss the Rule or cite any authority that might explain why the cellphone's return is appropriate under the Rule. To be clear, Plaintiffs cite Rule 41(g) in their Motion and in the caption and introductory paragraph of their Memorandum. But that's it. Rule 41(g) goes unmentioned in the remainder of Plaintiffs' 18-page memorandum. *See generally* Pls.' Mem. in Supp. [ECF No. 10]. Absent an obvious answer that Rule 41(g) requires the cellphone's return, it would be a stretch to grant relief

on the basis of this rule when the moving parties nowhere explain how the Rule's procedural framework and substantive standards support the request.

(3) Whether Rule 41(g) requires the cellphone's return is not obvious, and that's understating things. Rule 41(g) allows a person whose property has been seized by the Government to petition the district court for its return. *Jackson v. United States*, 526 F.3d 394, 396 (8th Cir. 2008). A pre-indictment motion seeking the return of seized property, which the Eighth Circuit has said "is more properly considered a suit in equity rather than one under the Rules of Criminal Procedure," turns on consideration of several factors. *Black Hills Inst. of Geological Research v. United States Dep't of Justice*, 967 F.2d 1237, 1239 (8th Cir. 1992) (citation omitted). These include: "whether the action involved a callous disregard for constitutional rights," "whether the party seeking return has an individual interest in and need for the property, whether the party has an adequate remedy at law, and whether the property would be irreparably damaged by a failure to return." *Id.* at 1239, 1240 (citations omitted). "[W]hen the owner of seized property seeks injunctive relief for the return of property while the case remains in the investigative stage (i.e. before criminal charges are brought), the district court must also balance the government's interest in retaining the property against the owner's right to get it back." *Id.* at 1240; *see also Trump v. United States*, No. 22-13005, 2022 WL 4366684, at **7–9 (11th Cir. Sept. 21, 2022) (applying like factors in adjudicating motion for partial stay of district court order). To these factors, add the following:

> "It is a familiar rule that courts of equity do not ordinarily restrain criminal prosecutions." *Douglas v. City of Jeannette*, 319 U.S. 157, 163 (1943); *see also Deaver v. Seymour*, 822

4

> F.2d 66, 71 (D.C. Cir. 1987) (Silberman, J.) (rejecting civil suit to enjoin government from indicting plaintiff and explaining that "[p]rospective defendants cannot, by bringing ancillary equitable proceedings, circumvent federal criminal procedure."); *United States v. McIntosh*, 833 F.3d 1163, 1172 (9th Cir. 2016) ("In almost all federal criminal prosecutions, injunctive relief … will not be appropriate.  Federal courts traditionally have refused, except in rare instances, to enjoin federal criminal prosecutions.").

*Trump*, 2022 WL 4366684, at *9.  Far wiser to hear from Defendants (and Plaintiffs) regarding these and other potentially relevant factual and legal questions before deciding any aspect of Plaintiffs' motion.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiffs' Motion [ECF No. 9] is **DENIED** to the extent it seeks an *ex parte* temporary restraining order directing Defendants to refrain from accessing or taking any action with respect to the seized cellphone until a hearing on that aspect of their Motion seeking a preliminary injunction.

2. Following service of process, Plaintiffs shall contact the court to obtain a hearing date.  An order establishing a briefing schedule will then be issued.

Dated: September 22, 2022                              s/ Eric C. Tostrud
                                                       Eric C. Tostrud
                                                       United States District Court