**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| MICHAEL J. LINDELL and MYPILLOW, INC., | Case No. 22-cv-02290-ECT-ECW |
| Plaintiffs, | **MEMORANDUM IN SUPPORT OF MOTION TO OBTAIN ACCESS TO WARRANT APPLICATION MATERIALS** |
| v. | |
| UNITED STATES OF AMERICA, et al., | **EXPEDITED HANDLING REQUESTD** |
| Defendants. | |

**I.
INTRODUCTION**

In the District of Minnesota, "a person whose property has been seized pursuant to a search warrant has a right under the warrant clause of the Fourth Amendment to inspect and copy the affidavit upon which the warrant was issued." *In re Up N. Plastics*, 940 F. Supp. 229, 232 (D. Minn. 1996). Defendants obtained a warrant (the "Warrant") and used it to seize the cell phone of Plaintiffs Michael J. Lindell and My Pillow, Inc. Plaintiffs have requested to exercise their right to inspect and copy the affidavit upon which the warrant was issued, as evidence to support their showing that the Warrant was improperly obtained and executed. The Government has rejected this request. Plaintiffs now move this Court to order the release to Plaintiffs of the materials submitted to obtain the Warrant at issue in this matter.

The Government may not, under the Constitution, shroud its actions with respect to the Warrant in secrecy to avoid being held accountable for those actions. For Plaintiffs to

be fairly heard at the Court's October 19, 2022, hearing concerning the propriety of the Warrant, Plaintiffs must be given access to the materials submitted by the Government in its application to obtain the Warrant. It may be that the Warrant application materials need not be made public at this time, but Plaintiffs have a right to see the materials used to convince the Court to issue the Warrant.

Plaintiffs ask that their Motion be considered on an expedited basis to allow them to receive the Warrant application materials in advance of the injunction hearing.[1]

## II.
## FACTS

On September 7, 2022, the Warrant was issued by the Court authorizing federal agents to seize Mr. Lindell's cell phone and to gain access to multiple categories of data collected on that device. Doc. 35-1 On September 13, 2022, federal agents executed the Warrant on Mr. Lindell in the drive-through lane of a fast-food restaurant in Mankato, Minnesota in circumstances that exhibited disregard for the constitutional rights of Mr. Lindell. *See* Decl. of Michael J. Lindell (Sept. 21, 2022), Doc. 35-2 ("Lindell Decl."). The Court's docket for the matter in which the Warrant was issued, no. 22-mj-00742-TNL-1, shows only a "MJ Duty Case Opening Form," to which no public access is available, and motion filings from media seeking access to the Warrant materials. Decl. of Andrew D. Parker ¶ 2 & Ex. 1 ("Parker Decl."). At the September 30, 2022, telephonic conference with the Court, counsel for the Government stated that the Government opposed Plaintiffs'

---

[1] The information will also be important for purposes of conducting a *Franks* analysis of the Warrant. *Franks v. Delaware*, 438 U.S. 154 (1978).

request to see the affidavit submitted in application for the Warrant. Plaintiffs have filed a

motion seeking injunctive relief and the return of Mr. Lindell's cell phone, which is to be

heard on October 19, 2022. Briefing Order, Doc. 25.

### III.
### ARGUMENT

**A.    Plaintiffs Have a Right to See the Warrant Application Prior to the October 19, 2022, Hearing.**

Plaintiffs' constitutional rights, the Federal Rules of Criminal Procedure, and

Plaintiffs' need for the Warrant application materials in connection with their motion give

them the right to see the Warrant application materials in advance of the October 19, 2022,

hearing concerning the Warrant.

In general, there is a "common law right of access" to "judicial records and

documents." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978); *IDT Corp v.

eBay, Inc.*, 709 F.3d 1220, 1222 (8th Cir. 2013). There is also a "first amendment right of

public access" to court filings that "does extend to the documents filed in support of search

warrant applications." *In re Search Warrant for Secretarial Area Outside Office of Gunn*,

855 F.2d 569, 572, 576 (8th Cir. 1988) ("*Gunn*"). More specifically, it is the law in this

District that "a person whose property has been seized pursuant to a search warrant has a

right under the warrant clause of the Fourth Amendment to inspect and copy the affidavit

upon which the warrant was issued." *In re Up N. Plastics*, 940 F. Supp. 229, 232 (D. Minn.

1996).[2] The right of the person whose property has been seized is an immediate and specific right protected by the Constitution. While it may be too early for the broader public's right to see the Warrant affidavit, Plaintiffs as persons whose property was seized have an immediate Fourth Amendment right to see the affidavit. "The Fourth Amendment requirement of probable cause is meaningless without some way for targets of the search to challenge the lawfulness of that search." *Id.* at 232-33.

Plaintiffs also have a right under the Federal Rules of Criminal Procedure to see the affidavit. The Rules "provide[] a procedure by which victims of unlawful searches may seek redress" by moving "for the return of the property." *Id*. at 232.[3]

> To permit an affidavit or any documents in support of a search warrant to remain sealed against examination by the person whose property was searched deprives him of the right secured by Rule 41 to challenge that search. There is nothing in Rule 41 to suggest that such evidence is intended to be taken in secret or without a full opportunity for the aggrieved person to argue that probable cause was lacking.

---

[2] Numerous other courts have found that a property owner whose property was seized pursuant to a warrant has a right to see the affidavit submitted in support of the warrant. *United States v. Oliver*, No. 99-4231, 2000 U.S. App. LEXIS 3630, at *4 (4th Cir. Mar. 9, 2000); *Societe D'Equipments Internationaux Nig., Ltd. v. Dolarian Capital, Inc.*, No. 1:15-cv-01553-DAD-SKO, 2016 U.S. Dist. LEXIS 104335, at *3 (E.D. Cal. Aug. 8, 2016); *In re Offices & Storage Areas Utilized by Stephen P. Amato, D.C., P.C.*, No. 05-MJ-05-B, 2005 U.S. Dist. LEXIS 6870, at *23 (D. Me. Apr. 14, 2005); *In re Search Warrants Issued on April 26, 2004*, 353 F. Supp. 2d 584, 587 (D. Md. 2004); *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 299 (S.D. Ohio 1995). *But cf., e.g., In re EyeCare Physicians of Am.*, 100 F.3d 514 (7th Cir. 1996) (opposite holding).

[3] When *In re Up N. Plastics* was decided, the provision for seeking the return of seized property that is now designated Fed. R. Crim. P. 41(g) was designated as Fed. R. Crim. P. 41(e). The 2002 revision to the rule that redesignated subsection (e) as subsection (g) was "part of the general restyling of the Criminal Rules to make them more easily understood," and the changes were "intended to be stylistic only" unless otherwise noted. Fed. R. Crim. P. 41, *Notes of Adv. Committee on 2002 amendments.*

*Id*. at 233. "**The affidavit must be seen to be effectively challenged.**" *Id*. (emphasis added).[4] The Rules bestow a right to review the affidavits submitted in support of a warrant application.

Plaintiffs also have a litigation need to see the affidavit. They have brought a motion that challenges the issuance and execution of the Warrant. *See* Mot. for Temporary Restraining Order and for Return of Property Pursuant to Fed. R. Crim. P. 41(g), Doc. 9; Mem. in Supp. of Mot., Doc. 10. To adequately prepare for the October 19, 2022, hearing on this Motion, and to gather evidence to show the necessity for a *Franks* hearing, Plaintiffs need to be able to review the submission made to the Court in the Government's application for the Warrant. Withholding or misstating material information when obtaining the Warrant would require the Warrant application to be denied. *See Z. J. by and through Jones v. Kansas City Bd. of Police Commrs.,* 931 F.3d 672, 686 (8th Cir. 2019); *United States v. Randle*, 39 F.4th 533, 537 (8th Cir. 2022); *Hartman v. Bowles*, 39 F.4th 544, 546 (8th Cir. 2022).

The only way for a target of a warrant to hold the Government accountable to its Fourth Amendment limitations is to review the information provided by the Government to the Court in its application for the warrant. Plaintiffs have a right to do so.

---

[4] "[W]hen the motion [pursuant to Rule 41(g)] is made by a party against whom no criminal charges have been brought, such a motion is in fact a petition that the district court invoke its civil equitable jurisdiction." *United States v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1172 (9th Cir. 2010) (*en banc*).

**B.     No Compelling Governmental Interest in Secrecy Justifies Keeping the Warrant Affidavit from Plaintiffs.**

It is true that a person's right to see warrant application materials may be overcome, but only by a "showing of a compelling need" by the Government for temporary secrecy. *In re Up N. Plastics*, 940 F. Supp. at 233. No such circumstances are present in this case.

To justify withholding a warrant affidavit from the target of the executed warrant, the Government must show a "compelling government interest" in closure and show that secrecy is "narrowly tailored to that interest." *Id*. at 232. There must be a "showing of a compelling need to keep the contents of the affidavit secret for some reasonable period of time." *Id.* at 233. The showing may not be merely "a conclusory allegation of an ongoing investigation," but must be "a specific factual showing of how its investigation will be compromised by the release of the affidavit to the person whose property was seized." *Id*. Otherwise, "conclusory allegations" would "require the sealing of search warrants in nearly every criminal investigation." *Id*. at 234. "[S]peculative fear" is not enough. *Id*. The Court must be provided evidence allowing for "specific, on the record findings" regarding these matters, and the findings "must be specific enough to enable the appellate court to determine whether its decision was proper." *Id.; cf. Goff v. Graves,* 362 F.3d 543, 550 (8th Cir. 2004) ("A compelling governmental interest permits a court to take evidence under seal as long as the court makes specific findings regarding the necessity of such a step.").

No compelling interest in keeping the affidavit from Plaintiffs is present here.

First, the Government has not followed the necessary procedural steps for secrecy. The Court's local rules state that certain documents may be filed under seal without any

motion. U.S. District Ct. for the District of Minn. Local R. 49.1(c). Qualifying documents include applications for interception of electronic communications, pen register or trap-and-trace devices, a subpoena duces tecum on behalf of a criminal defendant, and various other matters. *Id*. The Rule does *not* include applications for a warrant to seize a cell phone or other property as documents qualifying to be filed under seal without court permission. *Id*. Further, the Rule requires that documents for which the court's *permission* to seal is sought must be filed under a temporary seal together with a "publicly filed motion" to seal. Local R. 49.1(d)(1)(A). No public motion to seal has been filed. Plaintiffs are unaware of the issuance of any Order sealing the affidavit materials, or how they were initially sealed or continue to be sealed. The only records relating to the Warrant available to the public in the Court's files are the docket sheet and motion papers from media seeking access to the Warrant and Warrant application materials in case no. 22-mj-00742-TNL-1. Parker Decl. ¶ 2 & Ex. 1. The Government has made no public showing of any reason to seal the Court's records related to the Warrant.

Second, even if the Government had completed the necessary procedural steps, or assuming the Court's rules permitted the Government to seal the Warrant application materials without filing a publicly accessibly motion to do so, the circumstances of this matter would preclude such a course. Here, the fact of the Government's investigation regarding Colorado has been well-publicized in media articles disclosing the existence of the investigation, the people whom the investigation concerns, and the nature of the charges being considered by the Government. Parker Decl. ¶ 3 & Ex. 2. The Warrant itself provides a list of the individuals toward whom the Government has directed its investigation and the

nature of the charges being considered, so there is no compelling need to avoid tipping off those individuals concerning the investigation. Doc. 35-1 at p.4. The Government executed the Warrant in a highly public manner in a highly public place, unconcerned whether anyone observed its detention of Mr. Lindell. Lindell Decl. ¶¶ 3-5, 13 Doc. 35-2. The Government asked Mr. Lindell, during his detention, questions concerning a broad spectrum of topics, thereby disclosing its interest in those topics. *Id.* at ¶¶ 7-8. These actions are part of the Government's broader effort to frighten people like Mr. Lindell away from advocacy related to the 2020 election with the specter of criminal sanctions. There is no serious threat of harm resulting from Plaintiffs receiving access to the Government's evidence submitted to purportedly justify issuance of the Warrant. The subject of the investigation (alleged violations of 18 U.S.C. § 1028(a)(7) (identity theft), 18 U.S.C. §1030(a)(5)(A) (intentional damage to a protected computer), and 18 U.S.C. § 371 (conspiracy to violate the preceding statutes)) do not involve violent or drug-related crime. *E.g. In re Up N. Plastics*, 940 F. Supp. at 234 ("Up North contends that, unlike the violated or drug-related crime conspiracy investigations, the government's investigation in this matter simply doesn't involve a serious threat to any likely witnesses, either by way of harassment, threats, or intimidation.").

The Government is attempting to establish an adequate showing of probable cause to seize Mr. Lindell's cell phone without allowing for any challenge of that showing by scrutiny of the information presented. This star chamber approach is not permitted in this District. *See In re Up N. Plastics*, 940 F. Supp. at 232.

Mr. Lindell's First Amendment right of free association makes it urgent that his confidential communications in association with other citizens not be intruded upon by the Government, that the ongoing violation of his rights be remedied immediately, and that his exclusive possession of the phone and the information stored upon it be immediately restored – all of which supports immediate review of the materials submitted to the Court in support of the Warrant application.

## CONCLUSION

Plaintiffs request that the Court enter an Order requiring the Government to provide Plaintiffs with an opportunity to inspect and copy all materials submitted to the magistrate judge in support of the Warrant application prior to the currently scheduled hearing on October 19, 2022.

Dated: October 4, 2022

**PARKER DANIELS KIBORT LLC**

By */s/ Andrew D. Parker*
    Andrew D. Parker (MN Bar No. 195042)
    888 Colwell Building
    123 N. Third Street
    Minneapolis, MN 55401
    Telephone: (612) 355-4100
    Facsimile: (612) 355-4101
    parker@parkerdk.com

*Counsel for Michael J. Lindell and My Pillow, Inc.*

**OLSEN LAW, P.C.**

By */s/ Kurt Olsen*
    Kurt Olsen (D.C. Bar No. 445279)*
    1250 Connecticut Ave., NW, Suite 700
    Washington, DC 20036
    Telephone: (202) 408-7025
    ko@olsenlawpc.com

**to be admitted pro hac vice*

*Counsel for Michael J. Lindell and My Pillow, Inc.*

**MCSWEENEY, CYNKAR & KACHOUROFF, PLLC**

By */s/ Patrick M. McSweeney*
    Patrick M. McSweeney%
    3358 John Tree Hill Road
    Powhatan, VA 23139
    Telephone: (804) 937-0895
    patrick@mck-lawyers.com

*% admitted Pro Hac Vice*

*Counsel for Michael J. Lindell*

**ALAN DERSHOWITZ, ESQ.**
 Alan Dershowitz (MA Bar No. 121200)*
 1575 Massachusetts Avenue
 Cambridge, MA 02138

*Of Counsel for Plaintiff Michael J. Lindell*