IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL LINDELL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants. | Case No. 22-CV-2290 (ECT/ECW) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXPEDITE HEARING ON PLAINTIFFS' MOTION TO OBTAIN ACCESS TO SEARCH WARRANT MATERIALS**

The government hereby responds to the motion for an expedited hearing, ECF No. 42, filed by Plaintiffs Michael J. Lindell and MyPillow Inc. ("Plaintiffs"). The motion should be denied because (1) Plaintiffs have not shown good cause for an expedited hearing as they have not proceeded with due diligence and (2) the resolution of Plaintiffs' underlying motion to obtain access to the search warrant materials, ECF No. 36, is inextricably linked to the merits of Plaintiffs' entire lawsuit. The motion to obtain access to search warrant materials is not a preliminary matter that can be resolved before the hearing on Plaintiffs' motion for a preliminary injunction. Rather, Plaintiffs are not entitled to access the search warrant affidavit unless and until a criminal prosecution of one or more Plaintiffs occurs. Defendants respectfully request that the Court deny Plaintiffs' motion

and instead permit Defendants to file a response to Plaintiffs' motion to obtain access to search warrant materials by October 14, 2022.[1]

## BACKGROUND

On September 7, 2022, the government obtained a search warrant from United States Magistrate Judge Tony N. Leung to search the person of Mr. Lindell for his cell phone. The warrant also authorized the seizure of the cell phone as well as records constituting fruits, evidence, or instrumentalities of three enumerated offenses: 18 U.S.C. §§ 1028(a)(7) (identity theft), 1030(a)(5)(A) (intentional damage to a protected computer), and 371 (conspiracy to commit identity theft and/or to cause intentional damage to a protected computer). On September 13, 2022, the warrant was executed on Mr. Lindell in the District of Minnesota.

On September 20, 2022, Plaintiffs initiated this civil action, alleging that the warrant and its execution violated the First, Fourth, Fifth, and Sixth Amendments to the United States Constitution.[2] *See generally* ECF No. 1, Complaint ("Compl."). The following day, Plaintiffs moved the Court for a temporary restraining order and an order pursuant to

---

[1] Counsel for Defendants have separately contacted the chambers of U.S. District Judge Eric C. Tostrud, copying counsel for Plaintiffs, seeking the District Court's input on a briefing schedule and requesting that Defendants be permitted until October 14, 2022, to respond to Plaintiffs' motion to unseal. The basis for this request is that Defendants have already reached agreement with certain news media entities—who have sought to intervene in the search warrant docket, Case No. 22-MJ-742-TNL, and to obtain the same search warrant materials Plaintiffs seek at ECF No. 36—that Defendants may respond to their motion on October 14, 2022.

[2] Although the Complaint alleges that the government's actions "denied [Mr. Lindell] his Sixth Amendment rights," the Complaint does not contain a specific count premised on that violation. *Compare* Compl. at ¶ 1, *with id.* at ¶¶ 41-81.

2

Federal Rule of Criminal Procedure 41(g), requiring that the government "(1) return to Mr. Lindell the cell phone seized from Mr. Lindell on September 13, 2022; (2) cease all attempts to access data stored on the cell phone; and (3) refrain from accessing any information already taken from the cell phone." ECF No. 9 at 1; ECF No. 10.

On September 22, 2022, the Court denied Plaintiffs' motion "to the extent that it seeks an *ex parte* temporary restraining order directing Defendants to refrain from accessing or taking any action with respect to the seized cellphone until a hearing on that aspect of their Motion seeking a preliminary injunction." ECF No. 14 at 5. In a subsequent order, the Court set a briefing schedule and a hearing on Plaintiffs' motion. *See* ECF No. 25. During a telephonic status conference on September 28, 2022, Plaintiffs confirmed that their existing motion for a temporary restraining order should be treated as a motion for a preliminary injunction.

On September 30, 2022 (a Friday), another telephonic status conference was held, primarily regarding whether the search warrant and its attachments filed as an exhibit to Plaintiffs' motion for a temporary restraining order should remain sealed. ECF No. 33. During that status conference, Defendants maintained their position—unchanged since the beginning of this case—that none of the search warrant documents should be unsealed unless and until a criminal prosecution commences. Plaintiffs waited until the following Tuesday after the telephonic status conference, October 4, 2022, to file a motion to gain access to the search warrant materials—all of which are sealed by order of Magistrate Judge Leung. ECF No. 36. The present motion for expedited hearing was filed on that same day.

3

ECF 42. A hearing on Plaintiffs' motion for a preliminary injunction is set for October 19, 2022, before U.S. District Judge Eric C. Tostrud.

## ARGUMENT

I. **The Court Should Deny Plaintiffs' Motion Because They Have Not Proceeded With Due Diligence.**

Plaintiffs' motion is the result of a manufactured emergency created by their own failure to proceed with due diligence in this matter. Ordinarily, responses to non-dispositive motions are due seven days after the motion is filed. D. Minn. LR 7.1(b)(2). The briefing schedule can be expedited for good cause shown. *See Westendorp v. Independent School Dist. No. 273*, 35 F. Supp. 2d 1134, 1135 n.1 (D. Minn. 1998) (noting that, "[o]n good cause shown, the court established a slightly accelerated hearing schedule"). A showing of good cause should necessarily include a requirement that the moving party has proceeded with due diligence. *See, e.g.*, *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008) (discussing the "good-cause" inquiry for modifying a scheduling order under Federal Rule of Civil Procedure 16(b), and noting that the "[p]rimary measure of good cause is the movant's diligence in attempting to meet [a scheduling] order's requirements").

Here, Plaintiffs' are using their failure to file pleadings in a sensible order or on a sensible timeline to argue that there is an urgency to their motion to obtain access to the search warrant materials. A brief chronology of the pleadings in this case makes this plain:

4

| Date | Event |
|---|---|
| 9/20/22 | Plaintiffs filed their complaint on September 20, 2022—a full two weeks before their motion to access the search warrant materials. ECF No. 1. The relief requested in the Complaint includes a request that Defendants "immediately provide Plaintiffs with a copy" of the search warrant affidavit. Compl. at p. 17, item (g). |
| 9/21/22 | Plaintiffs filed their motion for a temporary restraining order ("TRO"), without prior notice or service on Defendants. ECF No. 9. The relief requested in the TRO motion made no mention of unsealing or otherwise gaining access to search warrant materials. |
| 9/22/22 | The District Court denied Plaintiffs' motion for a TRO. ECF No. 14. |
| 9/28/22 | Plaintiffs declined, during a September 28, 2022 status conference, to supplement or amend their TRO briefing in preparation for a hearing on a motion for a preliminary injunction. |
| 10/4/22 | Two weeks after the filing of the complaint, Plaintiffs filed a motion for access to the search warrant materials and the present motion for expedited briefing.[3] |

This timeline shows that Plaintiffs knew that they were seeking access to the search warrant materials at the inception of this case on September 20, but made no effort to obtain that relief until briefing on a preliminary injunction was well underway, and their motion for a TRO had already been denied. Plaintiffs assert that they "first learned that Defendants oppose[d] their request to receive these materials during the status conference with the Court held on September 30, 2022." ECF No. 42, at 1. But if Plaintiffs believed the U.S. Department of Justice would provide them voluntarily with a copy of a search warrant

---

[3] A further example of Plaintiffs' lack of due diligence is that *neither* of these motions complies with the Local Rules, as Plaintiffs did not obtain a hearing date in advance for either motion by contacting the presiding Magistrate Judge, *see* D. Minn. LR 7.1(b). The motion for expedited handling is also missing numerous supporting documents including a memorandum of law, a notice of hearing, and a meet-and-confer statement. *Id.* 7.1(b)(1).

affidavit that Magistrate Judge Leung sealed, they would not have sought that relief in their Complaint.

The Court should reject Plaintiffs' efforts to cause a fire drill at this stage in the case because of their unjustified two-week delay in filing a motion for access to the search warrant materials. It is *Plaintiffs* who are seeking expedited briefing, and *Plaintiffs* who initiated this lawsuit. The onus was on them to timely seek appropriate relief.

II.     **Expedited Handling Is Not Feasible Because Plaintiffs' Right of Access to the Search Warrant Materials Is a Key, Contested Merits Issue in This Case, Not a Preliminary Issue.**

The search warrant issued by Magistrate Judge Leung was executed in connection with a pending criminal investigation, where no charges have been filed. The search warrant materials are sealed by order of Judge Leung, upon motion of the United States. Only the search warrant itself and its attachments (but not the affidavit) were served on Mr. Lindell, consistent with the requirements of Federal Rule of Criminal Procedure 41. Defendants oppose release of the search warrant materials to Plaintiffs at *any time* while this investigation remains in a pre-charging posture. Defendants' interest in maintaining the integrity of this ongoing criminal investigation is a "compelling government interest" that justifies keeping the search warrant materials under seal and inaccessible to Plaintiffs or anyone else except law enforcement. *See, e.g.*, *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 754 (8th Cir. 1988).

Plaintiffs characterize their motion for access to the warrant materials as a preliminary matter that must be resolved—in their favor—before the hearing on their motion for a preliminary injunction on October 19 to assist them in their arguments in

support of the preliminary injunction. *See generally* ECF Nos. 38, 42. Plaintiffs have it backwards. At its core, Plaintiffs' argument is that they need the Court to enter final judgment for them on the merits of a portion of their case to help them in their preliminary injunction arguments about other portions of their case.

The Court should reject Plaintiffs' attempt to scramble the orderly progress of this case through eleventh-hour requests for extraordinary relief. Plaintiffs' right of access to the search warrant materials is a key merits issue in this case that will need to be resolved by the District Court after full briefing and argument. It is Plaintiffs' choice that they chose to file a TRO motion that omitted this purportedly core relief, and then chose not to supplement their TRO motion after it was denied and converted to a motion for a preliminary injunction. Plaintiffs had every opportunity to manage their filings in an order that would allow them to obtain appropriate relief at an appropriate time.

The government respectfully requests authorization to respond to Plaintiffs' motion for access to the warrant materials on October 14, 2022. A hearing, if one is required, could occur on the same date as the argument on the preliminary injunction motion (October 19). This would be an appropriate schedule for addressing the significant constitutional and criminal procedure issues in this case. Plaintiffs have not provided a basis for expedited handling.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be denied.

Dated: October 6, 2022                                   Respectfully submitted,

ANDREW M. LUGER                                          COREY R. AMUNDSON
United States Attorney                                   Chief, Public Integrity Section
                                                         U.S. Department of Justice


By: /s/ *Craig R. Baune*                                 By: */s/Jonathan E. Jacobson*
Assistant U.S. Attorney                                  Jonathan E. Jacobson
Attorney ID No. 331727                                   Trial Attorney
600 United States Courthouse                             Public Integrity Section
300 South Fourth Street                                  U.S. Department of Justice
Minneapolis, MN 55415                                    Ill. Bar No. 6317721
Phone:  612-664-5600                                     1301 New York Ave. NW, 10th Fl.
Email: Craig.baune@usdoj.gov                             Washington, DC 20005
                                                         Phone: (202) 514-1412
                                                         Email: jonathan.jacobson@usdoj.gov

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f) AND (h)

I hereby certify that this filing complies with the word limit requirement of Local Rule 7.1(f) and the type-size limit of Local Rule 7.1(h). Specifically, this filing is comprised of 1,869 words, exclusive of the caption, signature block, and this certificate. The type size is 13-point font.

*/s/ Jonathan E. Jacobson*
Jonathan E. Jacobson
Trial Attorney, Public Integrity Section
