UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Lindell, et al., | Case No. 22-cv-2290 (ECT/ECW) |
| Plaintiffs, | |
| v. | **ORDER** |
| United States of America, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiffs' Motion for Expedited Handling of Motion to Obtain Warrant Application Materials ("Motion to Expedite") (Dkt. 42). For the reasons set forth below, the Motion to Expedite is denied on the papers.

I. INTRODUCTION

Plaintiffs initiated the present action on September 20, 2022. (Dkt. 1.) The Complaint alleges, in part, that Defendants applied for, obtained, and executed a search warrant ("Search Warrant") on Plaintiff Michael Lindell ("Lindell"), resulting in the September 13, 2022 seizure of a cellular telephone belonging to Plaintiff MyPillow, Inc., and used by Lindell, in violation of their rights under the First, Fourth, and Fifth Amendments. (*Id.* ¶¶ 1, 5, 29, 31, 41-81.) The relief sought by the Complaint includes a declaration that Search Warrant is invalid; requiring under Rule 41(g) of the Federal Rules of Criminal Procedure the return of Lindell's cellular telephone and any data accessed from the cellular service provider; granting a temporary restraining order

enjoining Defendants from accessing any data collected from the cellular telephone; and requiring Defendants to immediately provide Plaintiffs with a copy of the Affidavit submitted to the Court to obtain the Search Warrant. (Dkt. 1 at 17-18.)[1]

The next day, on September 21, 2022, Plaintiffs filed a Motion for a Temporary Restraining Order and for Return of Property Pursuant to Fed. R. Crim. P. 41(g) ("TRO Motion") seeking the following relief:

> Plaintiffs Michael J. Lindell and MyPillow, Inc., hereby move the Court for a Temporary Restraining Order and an Order pursuant to Fed. R. Crim. P. 41(g) that Defendants (1) return to Mr. Lindell the cell phone seized from Mr. Lindell on September 13, 2022; (2) cease all attempts to access data stored on the cell phone; and (3) refrain from accessing any information already taken from the cell phone. Plaintiffs request that this Motion be handled by the Court on an expedited basis. Plaintiffs further request that the Court immediately order Defendants to refrain from accessing or taking any action with respect to the seized cell phone until this Motion is heard, to preserve the status quo.

(Dkt. 9.) Plaintiffs did not seek production of the Search Warrant application materials in the TRO Motion.

On September 22, 2022, U.S. District Judge Eric C. Tostrud, noting the lack of service of process on Defendants (or proof thereof), denied the TRO Motion "to the extent it seeks an *ex parte* temporary restraining order directing Defendants to refrain from accessing or taking any action with respect to the seized cellphone until a hearing on that aspect of their Motion seeking a preliminary injunction." (Dkt. 14 at 1, 5.) Judge Tostrud instructed Plaintiffs to contact the Court to obtain a hearing date following

---

[1] Unless stated otherwise, references to page numbers in this Order refer to the CM/ECF page numbers of the docket entries.

2

service of process on Defendants, and stated that he would then issue an order establishing a briefing schedule.  (*Id.* at 5.)  Later that same day, Plaintiffs filed returned executed summons for Defendants.  (Dkts. 17-20.)

On September 23, 2022, Judge Tostrud issued a briefing order with respect to the TRO Motion, giving Defendants until October 6, 2022 to file a response, and Plaintiffs the opportunity to file a reply by October 13, 2022.  (Dkt. 25 at 1.)  The hearing on the TRO Motion is set for October 19, 2022 before Judge Tostrud.  (*Id.*)

On September 30, 2022, the parties held a status conference with Judge Tostrud regarding continued sealing of the Search Warrant and its attachments filed as an exhibit to the TRO Motion.  (Dkt. 33; Dkt. 44 at 3.)  The Search Warrant was unsealed in redacted form.  (*Id.*; *see also* Dkt. 10-3 (redacted Search Warrant).)

On October 4, 2022, Plaintiffs filed a Motion to Obtain Access to Warrant Application Materials ("Motion to Compel"), seeking an order from the Court requiring Defendants, prior to the October 19 hearing on the TRO Motion, to provide Plaintiffs with copies of all materials submitted to the Court in connection with the application for issuance of the Search Warrant in Case No. 22-mj-00742-TNL-1 (D. Minn.).  (Dkt. 36.)  On the same day, Plaintiffs filed the Motion to Expedite, which provides in substantive part as follows:

> Plaintiffs Michael J. Lindell and MyPillow, Inc., hereby move the Court to expedite the handling of Plaintiffs' Motion to obtain a copy of the materials submitted by the Defendants to the Court in application for the Warrant at issue in this matter. As stated in Plaintiffs' Motion, Plaintiffs need to see the Warrant application materials to prepare for the hearing scheduled in this matter for October 19, 2022. Plaintiffs first learned that Defendants oppose their request to receive these materials during the status conference with the

3

>Court held on September 30, 2022, and indicated that they would bring a motion to obtain the materials. They have brought their motion two business days later.

(Dkt. 42.)  Plaintiffs' stated reason for why they need the Search Warrant materials to prepare for the October 19 hearing on the TRO Motion is:

>Mr. Lindell's First Amendment right of free association makes it urgent that his confidential communications in association with other citizens not be intruded upon by the Government, that the ongoing violation of his rights be remedied immediately, and that his exclusive possession of the phone and the information stored upon it be immediately restored – all of which supports immediate review of the materials submitted to the Court in support of the Warrant application.

(Dkt. 38 at 9.)

This Court gave Defendants until 9:00 a.m. on October 6, 2022 to respond to the Motion to Expedite (Dkt. 43), which they have now done (Dkt. 44).  Defendants assert that there is no good cause for expedited handling of the Motion to Compel given Plaintiffs' lack of diligence in seeking access to all materials submitted to the magistrate judge in support of the Search Warrant application, and also argue that the Motion to Expedite should be denied because the resolution of Plaintiffs' underlying Motion to Compel is inextricably linked to the merits of Plaintiffs' entire lawsuit.  (Dkt. 44.) Defendants ask the Court to set an October 14, 2022 deadline for their response to the Motion to Compel and that any hearing on the Motion to Compel take place on October 19, 2022, the same date as the hearing on the TRO Motion.  (*Id.* at 2, 7.)

Plaintiffs filed a reply brief in support of the Motion to Expedite along with a supporting declaration of counsel and an exhibit the afternoon of October 6, 2022.  (Dkts. 46, 47, 47-1.)  Plaintiffs argue that the Motion to Expedite "rests on the bright-line law in

4

this District that 'a person whose property has been seized pursuant to a search warrant has a right under the warrant clause of the Fourth Amendment to inspect and copy the affidavit upon which the warrant was issued,' because permitting the affidavit to remain sealed effectively deprives the person of the right to challenge the warrant."  (Dkt. 45 at 1 (quoting *In re Up N. Plastics*, 940 F. Supp. 229, 232 (D. Minn. 1996)).)  Plaintiffs also argue that their Motion to Expedite does not "create a fire drill" (as Defendants argue) because the Motion to Compel is non-dispositive, the deadline for Defendants' opposition would be October 11 under Local Rule 7.1(b)(2), and that "Plaintiffs will agree to reply by October 13 (or earlier, if the Court prefers), leaving time to decide the issue before the October 19 hearing [on the TRO Motion] without any adjustment of Defendants' briefing time."  (*Id.* at 2 (footnote omitted).)

## II.     ANALYSIS

Local Rule 7.1 governs the timing of civil motion practice within the District of Minnesota.  *See generally*, *United States v. Broussard*, No. 19-CR-0101 (SRN/ECW), 2022 WL 764048, at *1 n.3 (D. Minn. Mar. 11, 2022) ("Local Rule 7.1 applies to 'Civil Motion Practice'. . . .") (cleaned up).  Local Rule 7.1 requires a non-dispositive motion such as the Motion to Compel to be filed at least 14 days before the hearing date, with the opposition due 7 days later.  D. Minn. LR 7.1(b)(1)-(2).  A party may not file a reply brief without the Court's prior permission.  D. Minn. LR 7.1(b)(3).  That said, a court may for good cause set a different time with respect to motion practice.  *See* Fed. R. Civ. P. 6(c)(1); *see also Westendorp v. Independent School Dist. No.* 273, 35 F. Supp. 2d

5

1134, 1135 n.1 (D. Minn. 1998) (concluding that, "[o]n good cause shown, the court established a slightly accelerated hearing schedule").

Plaintiffs have not shown good cause to justify expedited handing of the Motion to Compel. Plaintiffs base their Motion to Expedite on their need for immediate relief as to the return of Lindell's cellular telephone and the information it contains, as well as the alleged ongoing violation of his First Amendment rights. (*See* Dkt. 38 at 9.) But Plaintiffs have been seeking the return of Lindell's cellular telephone and alleging a violation of his First Amendment rights since they filed their Complaint on September 20, 2022. (*See, e.g.*, Dkt. 1 ¶ 1.) Indeed, part of the relief Plaintiffs sought in the Complaint is that Defendants immediately provide Plaintiffs with a copy of the Affidavit submitted to the Court to obtain the Search Warrant. (*Id.* at 17-18.)

Moreover, Plaintiffs filed their TRO Motion on September 21, 2022, but did not seek the Search Warrant application materials at that time. (*See* Dkt. 9.) Plaintiffs suggest that they moved expeditiously in filing their Motion to Compel because it was filed "two business days" after the September 30 status conference during which "Plaintiffs first learned that Defendants oppose[d] their request to receive these materials." (Dkt. 42 at 1.) But Plaintiffs have not suggested that Defendants misled them to believe that they would willingly produce the Search Warrant materials, including the sealed Affidavit, and Defendants state that their position that "none of the search warrant documents should be unsealed unless and until a criminal prosecution commences" has been "unchanged since the beginning of this case." (Dkt. 44 at 3.) Nor have Plaintiffs explained why they did not seek the Search Warrant materials when they filed their TRO

6

Motion on September 21. It was not until two weeks later, two days before Defendants' response to the TRO Motion is due, that Plaintiffs filed their Motion to Compel. The Court declines to expedite a Motion to Compel when there is no apparent reason it could not have been filed earlier, and therefore denies the Motion to Expedite.[2]

The Court turns to the response deadline and hearing date for the Motion to Compel. Defendants ask the Court to set their response deadline as October 14, 2022 and that any hearing on the Motion to Compel occur on October 19, 2022. (Dkt. 44 at 2, 7.) They propose the October 14 date because certain news media entities are seeking access to the same Search Warrant materials in the Search Warrant case, and those media entities have agreed to an October 14 deadline for Defendants' opposition in that case.[3] (*Id.* at 2 n.1.) Plaintiffs, in their unsolicited reply filed on October 6, argue that Defendants' response would be due on October 11 under Local Rule 7.1(b)(2), and that state that Plaintiffs "will agree to reply by October 13 (or earlier, if the Court prefers)." (Dkt. 45 at 1.) The Court could decline to consider Plaintiffs' October 6 reply, as it was filed without prior permission of the Court in violation of Local Rule 7.1(b)(3). However, in the interests of justice, the Court has considered the reply. Plaintiffs'

---

[2]     Nothing in Plaintiffs' October 6 reply explains their delay in seeking an order requiring disclosure of the Search Warrant materials.

[3]     Defendants proposed this timing to Judge Tostrud's chambers by email on October 5, 2022. (Dkt. 44 at 2 n.1; Dkt. 46-1 at 2-3.) Plaintiffs responded on October 6, 2022, stating they Plaintiffs "do not oppose consolidation of their motion with the [media entities'] prior motion (filed September 28) regarding release of the affidavit and related material used to obtain the warrant)," but seeking the same briefing schedule proposed in connection with the Motion to Expedite. (Dkt. 46-1 at 2.)

7

arguments regarding the schedule unpersuasive. There is no need to allow time for a reply on the Motion to Compel, as it is a non-dispositive motion and Plaintiffs have not explained why a reply is necessary. Further, because the media entities in the Search Warrant case and Plaintiffs seek similar relief—access to the Search Warrant materials—judicial and party economy are served by setting the same October 14, 2022 deadline for Defendants' oppositions in both cases. Finally, Plaintiffs base the Motion to Compel in part on arguments that overlap with issues implicated by the TRO Motion, including the Government's interests with respect to the seized property and the investigation. (*See* Dkt. 14 at 4-5; Dkt. 38 at 6.) Judicial and party economy therefore also are served by having the same judge hear the Motion to Compel and the TRO Motion at the same time. Accordingly, Judge Tostrud will hear argument on the Motion to Compel in conjunction with the October 19, 2022 hearing on the TRO Motion.

### III.   ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Plaintiffs' Motion for Expedited Handling of Motion to Obtain Warrant Application Materials (Dkt. 42) is **DENIED**.

2. The hearing on Plaintiffs' Motion to Obtain Warrant Application Materials (Dkt. 36) will take place on **October 19, 2022 at 10:00 a.m.** in Courtroom 3B before U.S. District Judge Eric C. Tostrud.

3. Defendants' response to Plaintiffs' Motion to Obtain Warrant Application Materials (Dkt. 36) must be filed and served on or before **October 14, 2022**.


DATED:  October 6, 2022                                   *s/Elizabeth Cowan Wright*
                                                          ELIZABETH COWAN WRIGHT
                                                          United States Magistrate Judge