# EXHIBIT A

**PARKER | DANIELS | KIBORT**

October 20, 2022

Hon. Eric C. Tostrud
United States District Court
334 Federal Building,
316 N. Robert Street
St. Paul, MN 55101

    Re:    *Michael J. Lindell and My Pillow, Inc. v. United States, et al.*
            Court File No.: 22-cv-02290-ECT-ECW

Dear Judge Tostrud:

      At the hearing yesterday the Court asked three questions for which I did not have immediate answers. The responses are as follows. **(1)** The Court inquired whether any cases said the scope of public access to a warrant affidavit (as in *Gunn*) in practice differs from the access enjoyed by the subject of the warrant. Two cases showing different scopes, to which I alluded, were cited on p.4, fn. 2 of ECF #38: *In re Search Warrants Issued on April 26, 2004*, 353 F. Supp. 2d 584, 590-91 (D. Md. 2004) (private right broader than public right) and *Societe D'Equipments v. Dolarian Cap.*, No. 1:15-cv-01553, 2016 U.S. Dist. LEXIS 104335, *3 (E.D. Cal. Aug. 8, 2016) (private right exists but not public right). **(2)** The Court inquired about cases addressing *Younger* abstention in the context of a pre-indictment motion for injunctive relief. In ECF #54, pp.19-21, we cited relevant cases especially *In re Grand Jury Proceedings*, 716 F.2d 493 (8th Cir. 1983) (ordering return of property because warrant was unconstitutional; *Younger* not mentioned); *Xcentric Ventures v. Smith*, No. C 15-4008, 2015 U.S. Dist. LEXIS 118143, *71-73 (N.D. Iowa Sep. 4, 2015) (enjoining prosecution after considering *Younger*); *Lambert v. Polk Cty.*, 723 F. Supp. 128, 135 (S.D. Iowa 1989) (ordering return of copy of property, after considering *Younger*); and *Entergy Ark. v. Neb.*, 210 F.3d 887, 899 (8th Cir. 2000) (enjoining state administrative proceeding, to protect federal right, after considering *Younger*). The Government attempted to distinguish these cases. We believe they are on point. **(3)** Regarding Eighth Circuit cases on the use of filter teams, as stated in court we searched for cases either approving or disapproving of them. We found cases mentioning the use of a "filter team" or "taint team," but no specific ruling on the constitutionality of using them. As noted in ECF #54 at p.10, fn.2, Judge Tunheim in *U.S. v. Heppner*, No. 05-94, 2005 U.S. Dist. LEXIS 52325, *3 n.1 (D. Minn. Nov. 23, 2005) characterized a "taint reviewer" as a "fox" assigned "to guard the henhouse," echoing the magistrate judge there. In *U.S. v. Brenizer*, No. 20-cr-177, 2021 U.S. Dist. LEXIS 191048, *29-30 (D. Minn. Aug. 6, 2021), the Court concluded that a warrant addendum requiring search limitations and a "taint team" was appropriate, but did not rule specifically on the constitutionality of a taint team. No addendum was attached to the Warrant provided to Mr. Lindell in this case.

PARKER | DANIELS | KIBORT

Sincerely,

*/s/ Andrew D. Parker*

Andrew D. Parker