IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL J. LINDELL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.*, <br><br> Defendants. | Case No. 22-CV-2290 (ECT/ECW) |

**JOINT MOTION TO STAY PROCEEDINGS DURING PENDENCY OF ANTICIPATED APPEAL**

The parties jointly request that this Court stay further proceedings in this matter pending final resolution of Plaintiffs' anticipated appeal from the Court's order denying Plaintiffs' motion for a preliminary injunction. ECF No. 68.

On September 20, 2022, Plaintiffs filed the complaint in the instant civil action. ECF No. 1. On September 22, 2022, Plaintiffs served the complaint on Defendants. ECF Nos. 17-20. Pursuant to Federal Rule of Civil Procedure 12(a)(2), the government must respond by November 21, 2022. On November 3, 2022, the Court denied Plaintiffs' motion for a preliminary injunction. ECF No. 68; *see also* ECF No. 69 (judgment on preliminary injunction). Plaintiffs intend to appeal the Court's order denying a preliminary injunction to the Eighth Circuit and will file their notice of appeal imminently.

The parties respectfully request that the Court stay district court proceedings

pending the final resolution of Plaintiffs' appeal. "'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Frable v. Synchrony Bank*, 215 F. Supp. 3d 818, 821 (D. Minn. 2016) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) (describing district court's "broad discretion to stay proceedings when appropriate to control its docket"). "Relevant factors include the conservation of judicial resources and the parties' resources, maintaining control of the court's docket, providing for the just determination of cases, and hardship or inequity to the party opposing the stay." *Id.*

Courts in this district and others regularly grant stays when appellate litigation would facilitate resolution of outstanding issues in the district court. For example, in *Frable*, over one party's objection, a court in this district stayed proceedings pending a ruling by an appellate court that would likely have a material impact on the district court litigation. *Id.* at 820-23. Other courts have similarly stayed lower court proceedings when appellate rulings would affect the course of the district court litigation. In *International Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 729-30 (D. Md. 2018), for example, the district court granted a motion for a preliminary injunction and the government appealed. The court agreed to stay district court proceedings during the pendency of the appeal, however, because resolution of the injunction issues on appeal would "likely have a direct impact on the future course of the case." *Id.* at 732; *see also id.* at 731-32 (collecting cases staying district court proceedings pending the outcome of appellate litigation concerning preliminary injunctive relief).

Staying the proceedings here, just as in *Frable* and *Trump* (and the cases cited therein), would promote judicial economy, preserve the parties' resources, and provide for a just determination of the case. A decision from the Eighth Circuit would likely provide the Court and the parties significant aid in the ultimate resolution of this case.

Accordingly, the parties respectfully request that the Court stay further district court proceedings in this matter until the parties have exhausted appellate proceedings. The parties further propose to file a joint status report with the Court within thirty days after appellate proceedings are exhausted. In that report, the parties will propose a schedule for future proceedings in this Court.

Dated: November 16, 2022                                Respectfully submitted,


| | |
|---|---|
| ANDREW M. LUGER<br>United States Attorney<br>District of Minnesota | COREY R. AMUNDSON<br>Chief, Public Integrity Section<br>U.S. Department of Justice |
| By: /s/ *Craig R. Baune*<br>Craig R. Baune<br>Assistant U.S. Attorney<br>Attorney ID No. 331727<br>600 United States Courthouse<br>300 South Fourth Street<br>Minneapolis, MN 55415<br>Phone: 612-664-5600<br>Email: Craig.baune@usdoj.gov | By: /s/ *Jonathan E. Jacobson*<br>Jonathan E. Jacobson<br>Trial Attorney<br>Public Integrity Section<br>U.S. Department of Justice<br>Ill. Bar No. 6317721<br>1301 New York Ave. NW<br>Washington, DC 20005<br>Phone: (202) 514-1412<br>Email:<br>jonathan.jacobson@usdoj.gov |
| COLE FINEGAN<br>United States Attorney<br>District of Colorado | JOHN T. LYNCH<br>Chief, Computer Crime and<br>Intellectual Property Section<br>U.S. Department of Justice |
| By: /s/ *Aaron Teitelbaum*<br>Aaron Teitelbaum<br>Special Assistant U.S. Attorney<br>1801 California Street, Ste. 1600<br>Denver, CO 80202<br>Phone: 303-454-0100<br>E-mail: Aaron.Teitelbaum@usdoj.gov | By: /s/ *Frank Lin*<br>Frank Lin<br>Senior Counsel<br>Computer Crime and Intellectual<br>Property Section<br>U.S. Department of Justice<br>Wa. Bar No. 48617<br>950 Pennsylvania Ave. NW<br>Washington, DC 20530<br>Phone: (202) 514-1026<br>Email: frank.lin@usdoj.gov |

PARKER DANIELS KIBORT LLC

By: /s/ Andrew D. Parker
Andrew D. Parker (MN Bar No. 195042)
888 Colwell Building
123 N. Third Street
Minneapolis, MN 55401
Phone: (612) 355-4100
Email: parker@parkerdk.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(f) AND (h)

I hereby certify that this filing complies with the word limit requirement of Local Rule 7.1(f) and the type-size limit of Local Rule 7.1(h). Specifically, this filing is comprised of 847 words, exclusive of the caption, signature block, and this certificate. The type size is 13-point font.

*/s/ Jonathan E. Jacobson*
Jonathan E. Jacobson
Trial Attorney, Public Integrity Section
