UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Lindell, et al., | Case No. 22-cv-2290 (ECT/ECW) |
| Plaintiffs, | |
| v. | **ORDER** |
| United States of America, et al., | |
| Defendants. | |

This matter is before the Court on the Parties' Joint Motion to Stay Proceedings During Pendency of Anticipated Appeal (Dkt. 71) ("Motion"). For the reasons set forth below, the Motion is granted on the papers.

## I.     INTRODUCTION

Plaintiffs initiated the present action on September 20, 2022. (Dkt. 1.) The Complaint alleges, in part, that Defendants applied for, obtained, and executed a search warrant ("Search Warrant") on Plaintiff Michael Lindell ("Lindell"), resulting in the September 13, 2022 seizure of a cellular telephone belonging to Plaintiff MyPillow, Inc., and used by Lindell, in violation of their rights under the First, Fourth, and Fifth Amendments. (*Id.* ¶¶ 1, 5, 29, 31, 41-81.) The relief sought by the Complaint includes a declaration that the Search Warrant is invalid; requiring under Rule 41(g) of the Federal Rules of Criminal Procedure the return of the cellular telephone and any data accessed from the cellular service provider; granting a temporary restraining order enjoining

Defendants from accessing any data collected from the cellular telephone; and requiring Defendants to immediately provide Plaintiffs with a copy of the Affidavit submitted to the Court to obtain the Search Warrant. (Dkt. 1 at 17-18.)[1]

On September 21, 2022, Plaintiffs filed a Motion for a Temporary Restraining Order and for Return of Property Pursuant to Fed. R. Crim. P. 41(g) seeking the following relief:

> Plaintiffs Michael J. Lindell and MyPillow, Inc., hereby move the Court for a Temporary Restraining Order and an Order pursuant to Fed. R. Crim. P. 41(g) that Defendants (1) return to Mr. Lindell the cell phone seized from Mr. Lindell on September 13, 2022; (2) cease all attempts to access data stored on the cell phone; and (3) refrain from accessing any information already taken from the cell phone.

(Dkt. 9.) This Motion was eventually converted into a motion for preliminary injunction. (Dkt. 68 at 6-8.)

On October 4, 2022, Plaintiffs filed a Motion to Obtain Access to Warrant Application Materials ("Motion to Compel"), seeking an order from the Court requiring Defendants to provide Plaintiffs with copies of all materials submitted to the Court in connection with the application for issuance of the Search Warrant in Case No. 22-mj-00742-TNL-1 (D. Minn.). (Dkt. 36.)

On November 3, 2022, United States District Judge Eric C. Tostrud issued an Order denying both motions. (Dkt. 68.)

---

[1] Unless stated otherwise, references to page numbers in this Order refer to the CM/ECF page numbers of the docket entries.

Defendants' response to the Complaint is due on or about November 21, 2022. (*See* Dkt. 71 at 1 (citing Fed, R. Civ. P. 12(a)).)

According to the Motion, "Plaintiffs intend to appeal the Court's order denying a preliminary injunction to the Eighth Circuit and will file their notice of appeal imminently." (Dkt. 71 at 1.)

No notice of appeal has been filed as of the date of this Order.

## II. ANALYSIS

Courts have the inherent power to stay proceedings of an action to ensure that each matter is handled "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936). "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis*, 299 U.S. at 254); *see also Kellogg v. Watts Guerra, LLP*, Civ. No. 18-1082 (DWF/BRT), 2018 WL 3432048, at *1 (D. Minn. July 16, 2018). In deciding whether to stay a case, courts "weigh the competing interests of the parties, and the hardship or inequity a party may suffer if a stay is granted." *In re Hanson*, No. 13–2991, 2013 WL 6571594, at *1 (D. Minn. Dec. 13, 2013) (quoting *Robinson v. Bank of Am., N.A.*, No. 11–2284, 2012 WL 2885587, at *1 (D. Minn. July 13, 2012)); *see also Frable v. Synchrony Bank*, 215 F. Supp. 3d 818, 821 (D. Minn. 2016) ("Relevant factors include the conservation of judicial resources and the parties' resources, maintaining control of the court's docket, providing for the just determination of cases, and hardship or inequity to the party opposing the stay.") (citation omitted). Courts within this District have found that a temporary stay pending an appeal

3

on an order denying a motion for injunctive relief is warranted "as the appeal is likely to resolve some of the legal issues in dispute", and a stay would not impose any hardship on the parties. *Minnesota Voters All. v. Walz*, 494 F. Supp. 3d 610, 611 (D. Minn. 2020) (citations omitted).

Similarly, the Court here finds that a temporary stay is warranted, as the anticipated appeal is likely to resolve some of the legal issues in dispute, resulting in conservation of the parties' and the Court's resources. Moreover, a stay will not impose any undue hardship on the parties, as evidenced by the fact that the present Motion was brought by both parties. For all of these reasons, the Motion is granted.

### III.   ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. The parties' Joint Motion to Stay Proceedings During Pendency of Anticipated Appeal (Dkt. 71) is **GRANTED**.

2. The deadline for Defendants to respond to the Complaint is **STAYED** until further order of the Court. Defendants need not respond to the Complaint until after appellate proceedings are exhausted and a schedule for future proceedings is established.

3. The proceedings in this action will be **STAYED** as soon as Plaintiffs file a notice of appeal of the Order (Dkt. 68) denying their motion for a preliminary injunction.

4. The parties shall file a joint status report with the Court within thirty (30) days after appellate proceedings are exhausted.

DATED:  November 17, 2022              *s/Elizabeth Cowan Wright*
                                       ELIZABETH COWAN WRIGHT
                                       United States Magistrate Judge